## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | |
|---|---|
| RUSSELL D. SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:06-3553-HFF-BM |
| ) | |
| v. ) | |
| ) | |
| KEVIN JOHNSON and/or his ) | **REPORT AND RECOMMENDATION** |
| successor in his capacity as Mayor ) | |
| of the City of Manning South ) | |
| Carolina, DWIGHT L. STEWART, ) | |
| JR., and/or his successor in his ) | |
| capacity as Chairman of the County ) | |
| Council of Clarendon County, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was filed by the Plaintiff, pro se, pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq.. Plaintiff has sued the Mayor of the City of Manning, South Carolina, as well as the Chairman of the Clarendon County Council, the County in which the City of Manning is located.

The Defendant Mayor Johnson filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on January 30, 2007. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on January 31, 2007, advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted. Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion on February 5, 2007, as well as additional



1

reply memoranda on February 15, 2007 and February 20, 2007.  The Defendant Johnson's motion is now before the Court for disposition.[1]

**Discussion**

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.  However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff alleges in his Complaint that he is "severely and irreparably disabled by several serious mental diseases," including bi-polar disorder and post-traumatic stress disorder

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C.  The Defendant Johnson has filed a motion to dismiss.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



(PTSD). Plaintiff alleges that on or about July 8, 2006 he was at the Clarendon County Public Library when he got into a shouting match with a library employee. Plaintiff acknowledges that he was "shouting irrationally". Plaintiff alleges that his spouse urged him to leave, but that when he attempted to comply he was prevented from leaving by an unknown person who stated that he had heard Plaintiff threaten another unknown person and that he was not going to allow Plaintiff to leave. Plaintiff alleges that "Patrol Officer Beacham" (apparently a city police officer) then arrived and pointed a tazer at the Plaintiff. Plaintiff alleges that "[d]ue to Plaintiff's illnesses, he (Plaintiff) was antagonized by the sight of the tazers and became further irrational. Beacham therefore tazed Plaintiff all to his (Beacham's) own fault for the reason that he did not attempt to reason with Plaintiff." Plaintiff alleges that his spouse notified Beacham that he was mentally ill and could be talked down without need for tazing. Plaintiff alleges that the Defendants' conduct against him violated his rights under the Americans with Disabilities Act.[2]

Defendant Johnson argues in his motion to dismiss that the only claim Plaintiff has made against the City is that its police officer violated Title II of the ADA by failing to recognize his disability and thereby failed to tailor the way he handled Plaintiff's violent behavior, which is not a valid claim under the ADA in the Fourth Circuit, citing to Rosen v. Montgomery County, 121 F.3d

---

[2]Plaintiff's Complaint clearly states in the caption that it has been filed "pursuant to the Americans with Disabilities Act". Plaintiff does state generally in the text of his Complaint that he "further invokes each and every applicable statute that this Honorable Court may deem appropriate and just," and also mentions the Fifth Amendment in the third sentence of his fifth cause of action, but does not identify what rights under that or any other amendment or statute he alleges has been violated. Such pleading does not comply with the requirements of Rule 8(a), Fed.R.Civ.P. Therefore, the undersigned has only considered Plaintiff's claim as having been brought under the ADA.

3



154, 157 (4th Cir. 1997).³  After review of the arguments presented and the applicable caselaw, the undersigned is constrained to agree.

Plaintiff's claim against the Defendant Johnson is that Beacham improperly tazed him after Plaintiff had become antagonized at the sight of the tazer due to his mental disability. However, Plaintiff himself concedes in his Complaint that at the time Officer Beacham affected his arrest, he was acting "irrational".  Plaintiff further alleges that his spouse notified Beacham that Plaintiff was mentally ill and could be talked down without need for tazing; however, whether excessive force was used in effecting Plaintiff's arrest is a claim that should be pursued through other means, such as a federal action under 42 U.S.C. § 1983 or a state tort claim, not the ADA.  While there does appear to be a split in the caselaw concerning whether the ADA is applicable to arrests; *cf.* Schorr v. Borough of Lemoyne, 243 F.Supp.2d 232 (M.D.Pa. 2003); Jackson v. Inhabitants of the Town of Sanford, 1994 WL 589617 (D.Me. September 23, 1994); the law appears to be clear that, in the Fourth Circuit, the ADA does not apply to actions taken by police officers during the process of an actual arrest. Rosen, 121 F.3d at 157-158; see also Patrice v. Murphy, 43 F.Supp.2d 1156, 1158-1160 (W.D.Wash. 1999) [relying on Rosen to hold ADA inapplicable to arrests]; Bircolli v. Miami-Dade County, 410 F.Supp. 2d 1280, 1283-1285 (S.D.Fla. 2006) [following Rosen]; Thompson v. Williamson County, 219 F.3d 555, 558 (6th Cir. 2000). This Court is not only bound by controlling Fourth Circuit caselaw, but the undersigned also further agrees with the Court in Hainze, which stated:

---

³Plaintiff correctly notes that the case originally cited by the Defendant as being a Fourth Circuit case, Hainze v. Richards, 207 F.3d 795, is actually a 2000 Fifth Circuit case.  Defendant acknowledged his error, and cited the above captioned Fourth Circuit case in his reply memorandum.

4



> Law enforcement personnel conducting in-the-field investigations already face the onerous task of frequently having to instantaneously identify, access, and react to potentially life-threatening situations. To require the officers to factor in whether their actions are going to comply with the ADA, in the presence of exigent circumstances and prior to securing the safety of themselves, other officers, and any nearby civilians, would pose an unnecessary risk to innocents.

207 F.3d at 801.

Therefore, the undersigned finds and concludes that, at least insofar as police officers are faced with a situation such as was the case here (i.e., exhibiting or containing the necessary "exigent circumstances"), Title II of the ADA does not apply, and as result does not apply to the actions taken by Office Beacham to effect Plaintiff's arrest.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant Johnson's motion to dismiss be **granted**, and that this Defendant be **dismissed** as a party Defendant from this case.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 16, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

6

